AMERICAN LOAN & TRUST CO. *v.* EAST & WEST RY. CO. OF ALABAMA *et al.*

*(Circuit Court, N. D. Alabama, S. D.   November 11, 1889.)*

EQUITY PRACTICE—EXCEPTIONS TO ANSWER.
> When complainant allows the time fixed by rule of court for setting down exceptions filed to an answer for scandal, impertinence, and insufficiency to pass by, and the court, after examining the exceptions, is of opinion that the cause will be more speedily determined by a withdrawal of the exceptions, the time will not be enlarged, though good cause be shown, but complainant will be allowed to withdraw the exceptions, and reply to the answer.

In Equity.   On exceptions to answer.
*Robert Ludlow Fowler,* for complainant.
*Webb & Tillman,* for defendant Schley.

PARDEE, J. In this cause, defendant James W. Schley filed an answer in which he reiterated certain matters before pleaded by him in a certain plea which had been overruled by the court. To this answer complainants filed exceptions on the 3d day of June, 1889, in time under the rules, as follows:

"(1) For that the said defendant hath answered to the bill, as matter of defense, the same identical matter heretofore introduced by said defendant in his pleas to the bill in this suit; which pleas, being brought to a hearing, have been adjudged bad, and overruled for insufficiency. Therefore, having due reference to the said pleas, and the order and decree thereon, the complainant excepts to the following part of said answer as insufficient; that is to

say: 'And this defendant is informed and believes, and upon such information states, that at the time of the creation and acceptance by complainant of the said trusts, as well as at the present time, and at the time of filing its said bill, the said complainant had no known place of business, and no authorized agent in the state of Alabama for the purpose of transacting its said business; and that by section 4 of article 14 of the constitution of Alabama, which was then and now in force, it is prescribed that no foreign corporation shall do any business in this state without having at least one known place of business, and an authorized agent or agents, therein; and therefore this defendant pleads and says that the said complainant was not authorized by the laws of Alabama, within the state of Alabama, to accept and execute said trusts, and maintain this or any other suit within the state of Alabama, either in the state courts or in the courts of the United States, for the enforcement of said trust; and this defendant now pleads said disability in abatement of this suit.' (2) And the complainant further excepts because that the said defendant hath reiterated said matter so above excepted to in the second paragraph of his said answer, and hath not to the best and utmost of his knowledge set forth the alleged agreement referred to by him as 'Exhibit D,' attached to the dependent bill filed by Grant Brothers. (3) And the complainant further excepts to the following portion of the third paragraph of said answer of Schley as scandalous, impertinent, and insufficient, to-wit, the averment that by acceptance of the trust referred to in the bill of complaint said trust company committed a fraud upon a confiding public. (4) And the complainant further excepts to all the matter contained in the third paragraph of the said answer (excepting the denials only) as impertinent and insufficient, particularly so much thereof as relates to the manner in which the original capital stock of the mortgagor company is alleged to have been paid up."

No further steps were taken in the matter until after the rule-day in July, and the rule-day in August following. In August the defendant Schley moved the court for an order dismissing the exceptions on the ground that the complainants had not complied with rule 27, in this: that they had not obtained an order referring said exceptions to the master to examine and report on the same on or before the succeeding rule-day, which was on the first Monday in July, 1889. During the same month comes the complainant, and sets down for hearing on the next succeeding rule-day thereafter the exceptions to the insufficient answer of Schley, and asking, if such exceptions be not allowed, then for leave to withdraw said exceptions, and file a general replication. Both of these last motions are now submitted for the determination of the court.

Under equity rule 27, which relates to scandal and impertinence, and rule 63, which provides for setting down exceptions for insufficiency, the complainant was too late. It may be that under rule 63, and the general equity practice, the court could now, upon cause shown, enlarge the time for filing exceptions, so that the complainant could raise the questions which are sought to be raised by his exceptions to the answer; but I have read the exceptions, and conclude that the case will be best speeded by not enlarging the time to file exceptions, but by allowing the complainants to withdraw all exceptions on file, and file a general replication by the first rule-day, which will be the first Monday in December next.